Prob 12C
(Rev. 1/06 D/HI)



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 14 2006

at 1 o'clock and 05 min. P M
SUE BEITIA, CLERK

# SEALED BY ORDER OF THE COURT

## United States District Court

**for the**

**DISTRICT OF HAWAII**

U.S.A. vs. THOMAS WILLIAMS Docket No. CR 00-00200HG-01

## REQUEST FOR COURSE OF ACTION
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of THOMAS WILLIAMS, who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 4th day of December 2000, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map attached to this Judgment.

On 6/18/2003, The Honorable Lloyd D. George, Senior U.S. District Judge, revoked the subject's supervised release for the following violations: 1) refusing to comply with drug testing on 9/24/2002, 10/19/2002, 11/4/2002, 11/13/2002, 11/15/2002, 11/21/2002, and 11/26/2002; and 2) failure to notify the Probation Officer 10 days prior to any change in residence or employment. The subject was sentenced to eight (8) months imprisonment with fifty-two (52) months supervised release to follow. This was as to each of Counts 1, 2, and 3, to be served concurrently. The following special conditions were imposed:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.







2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

4. That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 5/10/2004, the Court modified the conditions of supervised release as follows:

5. That the defendant perform 32 hours of community service as directed by the Probation Office.

On 1/28/2005, the Court revoked the subject's second term of supervised release for the following violations: 1) refusing to comply with drug testing on 7/12/2004, 9/27/2004, 10/13/2004, and 11/26/2004; 2) urine specimen of 1/4/2005 testing positive for marijuana; 3) failing to notify the Probation Officer ten days prior to any change in residence; 4) failing to report to the Probation Officer on 6/7/2004 and 12/27/2004; 5) failing to follow the Probation Officer's instructions; 6) associating with Natashia Baza, a convicted felon on 1/26/2005; and 7) being in possession of a dangerous weapon on 1/26/2005. The subject was sentenced to ten (10) months imprisonment with forty-two (42) months of supervised release to follow. This was as to each of Counts 1, 2, and 3, to be served concurrently. The following special conditions were imposed:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

4. That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. The subject's urine specimens of 5/30/2006 tested positive for marijuana, in violation of Standard Condition No. 7 and the General Condition.

2. The subject associated with Natashia Baza, a convicted felon on 5/24/2006 and 6/27/2006, in violation of Standard Condition No. 9.

3. The subject failed to report to the Probation Officer on 7/31/2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 8/9/2006

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 9th day of August, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re: **WILLIAMS, Thomas**
**Criminal No. CR 00-00200HG-01**
**REVOCATION OF SUPERVISED RELEASE**

**STATEMENT OF FACTS**

The subject pled guilty to Counts 1 and 2: Distribution of Cocaine Base Within 1,000 Feet of a Public Playground, Class B felonies; and Count 3: Aiding and Abetting the Distribution of Cocaine Base Within 1,000 Feet of a Public Playground, a Class B felony. He was sentenced by Your Honor on 12/4/2000 to thirty-three (33) months imprisonment with six (6) years supervised release to follow. The subject began his first supervised release term on 9/17/2002.

On 6/18/2003, the subject's first supervised release term was revoked by The Honorable Lloyd D. George, Senior U.S. District Judge. Among other violations, the subject had absconded from supervision. The subject was sentenced to eight (8) months imprisonment with fifty-two (52) months of supervised release to follow. The subject began his second supervised release term on 2/11/2004.

On 1/28/2005, the subject's second supervised release term was revoked for multiple violations which included drug use and association with a known felon. Your Honor sentenced him to ten (10) months imprisonment to be followed by forty-two (42) months of supervised release. The subject began his third supervised release term on 11/25/2005. The special conditions are noted on page two (2) of the petition.

**<u>Violation No. 1 - Urine Specimens of 5/30/2006 Tested Positive for Marijuana</u>**: On 5/30/2006, the subject reported to the Probation Office. Per the General Condition, he was instructed to submit a urine specimen to this officer. The specimen was tested with a non-instrumented drug testing device (NIDTD), and was presumptively positive for marijuana. The subject admitted using marijuana on 5/28/2006. Our office later received laboratory confirmation that the subject's urine specimen was positive for marijuana. The THC nanogram level for this test was 48.

On 6/14/2006 and 6/23/2006, the subject submitted a urine specimen for testing at Freedom Recovery Services (FRS). The specimens were tested with NIDTD's and found to be presumptively positive for marijuana. The specimens were forwarded to a laboratory and confirmed positive for marijuana. The subject denied any additional marijuana use since 5/28/2006. The nanogram level for the 6/14/2006 test was 19. The nanogram level for the 6/23/2006 test was 22. Based on this officer's experience, the subsequent positive test results are indicative of residual effects as marijuana can remain in a person's system for up to 40 days. Even though the most recent test was slightly higher than the 6/14/2006 test, these levels are very low and do not appear to be indicative of new drug use. The subject was admonished for his drug use and told that any future illicit drug use may result in revocation proceedings being initiated.

**Violation No. 2 - Associated With Natashia Baza, a Convicted Felon on 5/24/2006 and 6/27/2006**: On 5/31/2006, our office was notified by an investigator with the City and County of Honolulu Prosecuting Attorney's Office, that the subject had been in the company of Natashia Baza on 5/24/2006. Ms. Baza is a convicted felon who was previously on federal supervised release with our office. Reportedly on 5/24/2006, Ms. Baza was arrested for attempting to pass a forged check at a bank. The subject was waiting for her outside when she was arrested. The subject was not charged and claimed to not know what Ms. Baza was doing. Your Honor is reminded that the subject was previously revoked for associating with Ms. Baza on 1/26/2005.

On 6/27/2006, this officer was walking back to the probation office and observed the subject sitting in Ms. Baza's vehicle. He admitted to receiving a ride from Ms. Baza to the probation office and that they had continued an intimate relationship. The subject was verbally admonished and warned that continued contact with Ms. Baza would result in the initiation of revocation proceedings.

**Violation No. 3 - Failing to Repot to the Probation Officer on 7/31/2006**: On 7/24/2006, the subject reported to the probation office. He informed this officer that he had been fired from his job as a dishwasher at Romano's Macaroni Grill. The subject was also looking for a residence after he was informed that he would have to move out by the end of July. Due to these issues, the subject was instructed by this officer to report weekly to the probation office until his employment and residence situation stabilized. The subject was instructed to report again on 7/31/2006. The subject failed to report on that day. He also failed to respond to a telephone message left by this officer after he failed to report. As a result, the subject's residential and employment status are unknown.

The subject is either unwilling or unable to meet the expectations set by the Court. His continued non-compliance and recent lack of cooperation suggests that he is no longer amenable to supervision. Based on the above, it is respectfully recommended that a warrant be issued for the subject's arrest so that revocation proceedings may be initiated.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re: **WILLIAMS, Thomas**
**Criminal No. CR 00-00200HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

**FOR THE**

## DISTRICT OF HAWAII

To: THOMAS WILLIAMS
Address:

Docket No. CR 00-00200HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of forty-two (42) months commencing upon release from confinement (11/25/2005).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) x Thomas Williams x 12/2/05

THOMAS WILLIAMS, Defendant — Date

Frank M. Condello II 12/2/05

FRANK M. CONDELLO, II — Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: THOMAS WILLIAMS
Docket No. CR 00-00200HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

4) That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved by the Probation Office.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) x Thomas Williams x 12/2/05
THOMAS WILLIAMS, Defendant — Date

Frank M. Condello II 12/2/05
FRANK M. CONDELLO, II — Date
U.S. Probation Officer